J-S34044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK GERKIN | : | |
| | : | |
| Appellant | : | No. 1284 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 26, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001777-2022

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED:  November 27, 2024**

Mark Gerkin appeals from the September 26, 2023 aggregate judgment of sentence of 25 to 50 years' imprisonment, followed by 3 years' probation, imposed after a jury found him guilty of corruption of minors, unlawful contact with a minor, indecent assault without complainant's consent, and indecent assault of a complainant less than 16 years of age.[1]  After careful review, we affirm the judgement of sentence.

The trial court summarized the relevant facts of this case, as gleaned from the trial testimony, as follows:

> [V.S. (hereinafter, "the victim"),] testified that
> Appellant, her mother's boyfriend, slapped her butt on

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 6318(a)(1), and 3126(a)(1) and (8), respectively.

more than one occasion. [The victim] testified that these incidents occurred two years ago, when she was 15 years old. [The victim] further testified that on February 4, 2022, Appellant entered her room without knocking while she was not wearing a shirt. Appellant left the room but returned approximately 5-10 minutes later. This time Appellant grabbed [the victim's] breast and told her she was "filling out nicely." Appellant said that he watched her sleeping and that he had seen her asleep with her shirt lifted and her breasts exposed. [The victim] went to her friend's home for the weekend and disclosed these incidents to that friend, who contacted the police. [The victim] wrote a letter to her mother about Appellant's conduct and gave it to her mother the following Monday. Weeks or perhaps months later, [the victim] wrote another letter, this time recanting her disclosure. [The victim] testified that she wrote the letter because she was afraid that she would have to testify, and she did not want her mother to get in any trouble.

Trial court opinion, 2/28/24 at 3 (citations to notes of testimony omitted).

Appellant was arrested in connection with these incidents and charged with corruption of minors, unlawful contact with a minor, and two counts of indecent assault. Appellant proceeded to a jury trial on June 27, 2023 and was found guilty of the aforementioned offenses the following day. As noted, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' imprisonment, followed by 3 years' probation, on September 26, 2023.[2]

---

[2] The record reflects that given Appellant's prior conviction for sexual battery in the state of Florida, these instant convictions constituted a mandatory second strike and Appellant was subject to a "minimum sentence of at least 25 years of total confinement." *See* 42 Pa.C.SA. § 9718.2(a).

Appellant did not file any post-sentence motions. This timely appeal followed on October 26, 2023.[3]

Appellant raises the following issue for our review:

I. Whether the trial court abused its discretion in excluding testimony regarding [the victim's] mental health history when the privilege did not apply or the Commonwealth opened the door, thereby, removing any privilege?

Appellant's brief at 5.

Generally, "[q]uestions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion." *Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa.Super. 2018) (citation omitted), *appeal denied*, 195 A.3d 166 (Pa. 2018). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

The scope of cross-examination is addressed in Pennsylvania Rule of Evidence 611(b), which provides as follows: "Cross-examination of a witness

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

other than a party in a civil case should be limited to the subject matter of the direct examination and matters affecting credibility; however, the court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Pa.R.E. 611(b). "Cross-examination may be employed to test a witness' story, to impeach credibility, and to establish a witness's motive for testifying. The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion." ***Commonwealth v. Ballard***, 80 A.3d 380, 394 (Pa. 2013) (citation and quotation marks omitted), ***cert. denied***, 573 U.S. 940 (2014).

Upon review, we find Appellant's claim that the trial court abused its discretion by limiting the scope of his cross-examination of the victim with regard to her mental health is belied by the record. At trial, Appellant's counsel attempted to question the victim as to the state of her mental health at the time she wrote her July 13, 2022 recantation letter, and the Commonwealth objected. ***See*** notes of testimony, 6/27-28/23 at 79-82. As noted by the trial court, "[a]t that point in the trial, no evidence had been admitted that [the victim] had a mental health history and trial counsel had not filed a motion in ***limine*** to address this issue." Trial court opinion, 2/28/24 at 3 (citation and footnote omitted). The record reflects that although the trial court initially sustained the Commonwealth's objection on this basis, ***see*** notes of testimony, 6/27-28/23 at 80, the court later reversed its ruling after

- 4 -

reviewing the victim's recantation letter and determining that it referenced the state of her mental health when she wrote the letter:

> THE COURT: I'm reading through the letter here. The reference to mental health is very, very vague in here, and it doesn't entail anything about her having a history of a mental health diagnosis or treatment or anything like that. She just is indicating that she felt a lot of stress and pressure. I would reverse my earlier ruling. I think it is fair cross examination given this letter.

*Id.* at 84-85.

Based on the foregoing, it is evident that Appellant's counsel was in fact given the opportunity to cross-exam the victim with regard to her mental state at the time she wrote her recantation letter, following the trial court's initial ruling precluding him from doing so. *Id.* at 87. Appellant's claim to the contrary misconstrues what actually transpired at trial and is devoid of merit. Accordingly, we affirm the September 26, 2023 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/27/2024